**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMVEL AVETISYAN, a.k.a. Samuel Avetisyan,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 11-73896<br><br>Agency No. A075-578-478<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Samvel Avetisyan, a native of Georgia and citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi*

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Avetisyan's motion to reopen as untimely where the motion was filed more than five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to present sufficient evidence of changed circumstances in Armenia to qualify for the regulatory exception to the time and numerical limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987 (evidence must be "qualitatively different" from the evidence presented at the previous hearing); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (requiring movant to establish prima facie eligibility for relief and discussing consequences of lack of credibility). We reject Avetisyan's contention that the BIA failed to consider his evidence.

We lack jurisdiction to review the BIA's discretionary decision to not reopen removal proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**